IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **SHANNON MASON and ANGELA MASON** ) ) ) ) | |
| **Plaintiffs,** ) | |
| v. ) | CV 4:12-4001-RBP |
| **WILLIAM H. RHEA III** ) ) | |
| **Defendant.** ) | |

## MEMORANDUM

The initial issue in this case regarding judicial immunity is so obvious, the court initially determined not to further address it. However, in order to educate those who may wish further knowledge the court notes the following:

> Judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.

*Bradley v. Fisher*, 13 Wall. 335, 351 (1872).

> A distinction must be here observed between excess of jurisdiction and the clear absence of all jurisdiction over the subject-matter. Where there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible. But where jurisdiction over the subject-matter is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case, although upon the correctness of his determination in these particulars the validity of his judgments may depend.

*Id*. at 351-352.

The Court of Appeals correctly recognized that the necessary inquiry in

determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him. Because 'some of the most difficult and embarrassing questions which a judicial officer is called upon to consider and determine relate to his jurisdiction . . . ,' the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'

*Stump v. Sparkman*, 435 U.S. 349, 356-357 (1978) )(quoting *Bradley*, 13 Wall. at 351 (1871)). *Also see Bolin v. Story*, 225 F.3d 1234 (11th Cir. 2000).[1]

This the 8th day of January, 2013.

*Robert B. Propst*
ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] This court does not rely upon the Eleventh Amendment argument of the defendant as such. It may also defeat plaintiffs' claim(s).